UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANGELO POWELL,

Plaintiff,

v.

CRAIG KOENIG, et al.,

Defendants.

Case No. 22-cv-00870-KAW (PR)

**ORDER OF SERVICE**

Plaintiff Michael Angelo Powell, an inmate at the Correctional Training Facility ("CTF") has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (ECF No. 7) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Legal Claims

The amended complaint names the following defendants: CTF Warden Craig Koenig, CTF Chief Deputy Warden L. Martinez, CTF Healthcare CEO B. Omosaiye, CTF Healthcare CMO Dr. Posson, and Does l through 5.

In his amended complaint, Plaintiff realleges the same facts as in his original complaint against Defendants Koenig and Martinez for deliberate indifference to his health and safety by failing to follow Covid-19 protocols about quarantining people who had been exposed to Covid-19, by failing to follow the Covid-19 protocols for cleaning the prison, and by failing to provide staff with proper personal protective equipment. Liberally construing these allegations, they appear to rise to the level of a cognizable Eighth Amendment claim.

The amended complaint also makes the following allegations:

On December 29, 2020, Plaintiff was tested for Covid-19. That afternoon, Plaintiff began suffering from a severe headache, extreme joint and back pain, an upset stomach, a cough, and feeling extremely cold. That evening, Plaintiff informed medical staff that he was extremely ill and described his symptoms. Plaintiff requested medication, however, medical staff closed Plaintiff's cell door and failed to provide him any medical treatment. That night, Plaintiff began vomiting and was unable to eat for the next several days without severe vomiting. Plaintiff was unable to sleep during that time and suffered from a headache. Plaintiff continued to inform medical staff of his symptoms over the next several days but was not provided medical care.

On January 1, 2021, Plaintiff was informed that he had tested positive for Covid-19. Between December 29 and January 9, Plaintiff was not examined by a doctor, did not receive appropriate food for someone suffering from nausea and vomiting, and only received two Acetaminophen tablets and medication for his cough. Plaintiff alleges that Defendants Omosaiye and Posson were responsible for providing him proper medical care but failed to do so. He also alleges that he continues to suffer from various Covid-19 related health problems.

Liberally construed, Plaintiff's allegations against Defendants Omosaiye and Posson appear to state cognizable claims under § 1983 for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The following defendants at the Correctional Training Facility shall be served: Warden Craig Koenig, Chief Deputy Warden L. Martinez, Healthcare CEO B. Omosaiye, and Healthcare CMO Dr. Posson.

Service on the listed defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Docket No. 7), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve by mail a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, the operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent

form for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case, the Court orders as follows:

No later than sixty (60) days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that such motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

4. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon defendants no later than thirty days from the date the defendants' motion is served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

If defendants wish to file a reply brief, they shall do so no later than fourteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All

4

communications by Plaintiff with the Court must be served on defendants, or defendants' counsel, if and when counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>three</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: June 17, 2022

KANDIS A. WESTMORE
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact; that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), to oppose the motion you cannot simply rely on what your complaint says. Instead, you must submit specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents so that you show there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted to the Defendants, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. To oppose it, you may present any evidence you have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.